FILED
FEB - 6 2004
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| Gemini Electronics, Inc., | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| v | ) | Case No. 04- 166C |
| | ) | Honorable Judge Marian Blank Horn |
| United States Postal Service, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR BREACH OF CONTRACT

THIS ACTION for Breach of Contract is commenced pursuant to 28 U.S.C. Section 1491(a)(1) which states in relevant part:

> **"The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded upon the Constitution, or any act of Congress or any regulation of an executive department, or upon any expressed or implied contract with the United States for liquidated or unliquidated damages in cases not sounding in tort...".**

This action is also brought pursuant to 28 U.S.C. 1391(e). At all times relevant here in this complaint, the action and conduct by agents, employees, representatives and designees of the United States government were taken under color of law and statute.

1. Plaintiff, Gemini Electronics, Inc. ("Gemini"), was and is a corporation organized under the laws of Illinois with offices at 4801 Southwick Drive, Suite 602, Matteson, Illinois, 60443. The Plaintiff, Gemini Corporation, is a minority business that has been lawfully organized under the corporate laws of the State of Illinois.

2. The Defendant, United States Postal Service ("USPS"), was and is an independent establishment, pursuant to 39 U.S.C. Section 201, with headquarters in the District

of Columbia and was and is doing business within the State of Illinois under the name of United States Postal Service.

3. Defendant USPS is and was at all times material, a corporation organized and existing under and by virtue of the laws of the District of Columbia in that such corporation is and was authorized to do business within the State of Illinois. Defendant USPS is engaged in the business of the sale of postal service and postal products in the State of Illinois and is engaged in commerce.

4. At all times relevant to allegations in this complaint, Willie Wilson is and was the Chief Executive Officer of Gemini Electronics, Inc. Willie Wilson is an African American residing in Cook County, Illinois. He has been the Chief Executive Officer of Gemini for the past five (5) or more years.

5. At all times relevant to matters concerning the allegations in this complaint, J.T. Weeker was the Vice President for the Great Lakes area Postal Service of the United States Postal Service located in the Chicago, Illinois Region. Upon information and belief, J.T. Weeker is now deceased.

6. At all times relevant for allegations and facts in this complaint, Danny Jackson was and is the Vice President of the Great Lakes Area Postal Service of the United States Postal Service.

**BREACH OF CONTRACT**
**FACTUAL STATEMENT**

1. On or about October 18, 1999 the United States Postal Service (USPS") and Gemini Electronics, Incorporated ("Gemini") with it's principal place of business at 401

Southwick, Suite 601, Matteson, Illinois, entered into a contract and/or public telecommunications service agreement.

2. At all times relevant, the conditions and terms of the public telecommunication service agreement and/or contract were reduced to writing and a part of a written agreement. (See Exhibit A)

3. Pursuant to the terms and conditions of the above afore-mentioned contract, Defendant USPS obligated itself as follows:

> **"UPS hereby grants to Gemini the right to use, occupy, and have access to the premises (find below) that will allow Gemini the ability to install and maintain equipment with the purpose of providing public telecommunication services. USPS grants Gemini the authority to install and maintain public telecommunications equipment on the premises including pay telephones, and any enclosures, supporting structures, devices, appliances, electrical connections and other equipment necessary to allow Gemini to provide telecommunications services to end users. Gemini and USPS shall mutually agree on the initial quantity of phones to be installed based upon a survey of existing phones and projected needs. The parties shall agree jointly on the initial locations of any equipment. Any decision to relocate equipment shall be at the sole discretion of Gemini and the parties shall jointly agree on the specific locations of any relocated phones...".**

4. Moreover, the agreement between Plaintiff Gemini and Defendant USPS further stated:

> **"Gemini shall pay to USPS a monthly commission of 25% of the telecommunications revenue received by Gemini from the public telephones installed by Gemini...".**

5. Finally, as to the term and longevity of the agreement, the public telecommunication service agreement between Plaintiff Gemini and Defendant USPS was to run for 60 months beginning October 21, 1999 and expiring October 21, 2004. Specifically, the agreement calls for Defendant USPS to properly notify Plaintiff Gemini of any cessation of it's business on the premises.

6. At all times relevant, Plaintiff Gemini, after the execution and signing of the above referred-to agreement, undertook to duly and diligently carry out the terms, conditions and obligations of the aforesaid contract/agreement.

7. Pursuant to the terms of said agreement, Plaintiff Gemini was given the responsibility of placing phones in USPS stations, offices and buildings in the Great Lakes Postal Area which covers Chicago. This included more than 110 facilities. Over a period of time, the payphone services contract as defined by the herein referred to agreement covered more than 300 payphones. As a part of said agreement, Plaintiff Gemini Electronics was granted use, occupancy and access to the premises of Defendant USPS for purposes of providing public telecommunications services.

8. Plaintiff Gemini was given the authority to install public telecommunications equipment, including pay telephones and supporting structures at the designated premises of Defendant USPS. (See Exhibit B)

9. Shortly after the commencement of the contract, agents of Defendant USPS willfully, wantonly and discriminatorily denied Plaintiff Gemini access to, occupancy of and prevented Plaintiff Gemini from installing and maintaining telecommunication equipment at Defendant USPS facilities.

10. Moreover, at the time of the execution of the agreement, Mr. J.T. Weeker, Vice President of the Great Lakes Area Postal Service met with Plaintiff Gemini through it's Chief Executive Officer, and assured him that Plaintiff Gemini would have free and unfettered access to place his telecommunications equipment in the designated areas.[1]

11. Sometime shortly after the execution of the signing of the contract and/or agreement in October, 1999, Mr. J.T. Weeker, Vice President of the Great Lakes Area Postal Service, died.

12. Subsequently, Mr. Danny Jackson became Vice President of the Great Lakes Area Postal Service. At all times relevant, Mr. Jackson was familiar with the terms, conditions and agreement of the October 18, 1999 contract executed between Defendant USPS and Plaintiff Gemini. Subsequently to the death of Mr. Weeker, Danny Jackson assumed the responsibility of overseeing, executing and monitoring this contract which covered his region.

13. The Defendant USPS and its agents, after the execution of the contract, undertook a deliberate course of conduct to deny Plaintiff Gemini from fulfilling the contract. Specifically, Defendant USPS, through its agents and employees under its direct supervision, refused to allow Plaintiff Gemini to put his telecommunications equipment in certain profitable facilities that the contract had designated. Plaintiff

---

[1]Plaintiff Gemini won the contract with Defendant USPS to place telephones and equipment into the USPS facilities as designated. As a result, Plaintiff Gemini was selected over Ameritech, who had previously held the contract between 1992 and 1999.

Gemini was denied access to install equipment at O'Hare Airport. This facility was covered as a site by the terms and conditions of the said agreement.

14. Plaintiff Gemini was denied access to numerous sites for installing equipment that had been clearly designated by the terms and conditions of the contract between the parties. Moreover, Plaintiff Gemini was denied access to install and maintain his telecommunications equipment in a significant part of the Great Lakes Region which was covered by the terms and conditions of the contract which constituted a material breach of the terms and conditions of the contract as agreed upon.

15. Defendant USPS and its agents willfully denied Plaintiff Gemini access to the right to use, occupy and have access to the premises of the designated facilities that the contract specified, causing Plaintiff Gemini to suffer financial injuries and damages.

16. At all times relevant, Plaintiff Gemini performed all of the services that were called for under the terms of the contract. Plaintiff Gemini fulfilled the terms and obligations of the contract.

17. The failure of Defendant USPS and its agents to abide by and execute its obligations under the terms of the contract forced Plaintiff Gemini to constructively discharge the contract . The actions of Defendant USPS, constituting a material breach of contract, forced Plaintiff Gemini to cancel the contract and suffer damages.

18. The failure and refusal of Defendant USPS and its agents to perform the services and adhered to the terms and conditions of the contract has caused Plaintiff Gemini to suffer great economic lost.

19. The actions of Defendant USPS and its agents has cause Plaintiff Gemini to suffer damages in the amount of $300, 000.00 (three hundred thousand dollars). This is a compensatory amount of damages.

WHEREFORE, Plaintiff Gemini requests that this Honorable Court enter an order awarding Plaintiff Gemini compensatory damages in the amount of three hundred thousand dollars ($300,000). This Honorable Court should award reasonable attorney's fees and order such other relief that it deems equitable and just.

Lewis Myers, Jr.

Lewis Myers, Jr., #52182
Attorney at Law
25 E. Washington Street
Suite 1225
Chicago, IL 60602
(312) 236-8004 Telephone
(312) 236-8804 Facsimile