**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| GEMINI ELECTRONICS, INC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 04-166C |
| | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER**

For its answer to the complaint, defendant, the United States, admits, denies, and alleges as follows:

The allegations contained in the first unnumbered paragraph constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits.

3. Denies the allegations contained in the first sentence of paragraph 3; avers that the United States Postal Service is an independent establishment of the Executive Branch of the Government of the United States. Admits the allegations contained in the second sentence of paragraph 3.

4. Denies the allegations contained in paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth.

5. Admits the allegation contained in the first sentence of paragraph 5 that J.T. Weeker was the Vice President for the Great Lakes Area of the Postal Service; denies the

remainder of the allegations contained in the first sentence of paragraph 5. Admits the allegation contained in the second sentence of paragraph 5.

6. Admits the allegation contained in paragraph 6 that Danny Jackson was (but no longer is) the Vice President for the Great Lakes Area of the Postal Service; denies the remainder of the allegations contained in paragraph 6.

**BREACH OF CONTRACT**
**FACTUAL STATEMENT**

1.[1] Admits the allegations contained in paragraph 1, to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 1.

2. Admits the allegations contained in paragraph 2, to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 2.

3. Admits the allegations contained in paragraph 3, to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 3.

4. Admits the allegations contained in paragraph 4, to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 4.

[1] There are two sets of paragraphs numbered one through six in plaintiff's complaint. To avoid confusion, we have used the same numbering convention in our answer.

5. Admits the allegations contained in paragraph 5, to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 5.

6. The allegations contained in paragraph 6 constitute conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

7. Denies the allegations contained in the first sentence of paragraph 7; avers, however, that the authority of the Government's signatory to the agreement was limited to the Chicago District of the Postal Service. Denies the allegations contained in the second and third sentences of paragraph 7. Admits the allegations contained in the fourth sentence of paragraph 7 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the fourth sentence of paragraph 7.

8. Denies the allegation contained in paragraph 8 to the extent that it refers to plaintiff's complaint "Exhibit B;" avers that plaintiff's complaint "Exhibit B" was never incorporated into the agreement between the parties as Exhibit A, as referenced in paragraph 6 of the agreement (Premises).

9. The allegations contained in paragraph 9 constitute conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent they may be deemed allegations of fact they are denied.

10. Denies the allegations in paragraph 10 for lack of knowledge or information sufficient to form as belief as to their truth. Further denies the allegations in paragraph 10 to the extent that the agreement does not support the reference to any "designated areas." Lastly, denies

the allegation in paragraph 10 that "Plaintiff Gemini would have free and unfettered access to place his telecommunications equipment in the designated areas" to the extent that such an allegation is contrary to the express terms of the agreement. The allegations contained in the first sentence of footnote 1 to paragraph 10 constitute conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegation contained in the second sentence of footnote 1 to paragraph 10 that plaintiff, Gemini, was selected over Ameritech; denies the remainder of the allegations contained in the second sentence of footnote 1 to paragraph 10; avers that Ameritech previously was a party to an agreement with the United States Postal Service involving the installation of pay telephones in Postal facilities.

11. Admits.

12. Admits the allegations contained in the first sentence of paragraph 12. Admits the allegation contained in the second sentence of paragraph 12 that Mr. Jackson was familiar with the Public Telecommunications Service Agreement; denies the remainder of the allegations contained in the second sentence of paragraph 12. Denies the allegations contained in the third sentence of paragraph 12.

13. The allegations contained in the first sentence of paragraph 13 constitute conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 13. Denies the allegations contained in the third sentence of paragraph 13; avers that plaintiff was denied access to install equipment at the

O'Hare Airport Mail Center. Denies the allegations contained in the fourth sentence of paragraph 13.

14. Denies the allegations contained in the first sentence of paragraph 14. The allegations contained in the second sentence of paragraph 14 constitute conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

15. The allegations contained in paragraph 15 constitute conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

16. The allegations contained in paragraph 16 constitute conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

17. The allegations contained in paragraph 17 constitute conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

18. The allegations contained in paragraph 18 constitute conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

19. The allegations contained in paragraph 19 constitute conclusions of law and characterizations of plaintiff's case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

20. Denies that plaintiff is entitled to the relief requested in its prayer for relief immediately following paragraph 19, or to any relief whatsoever.

21. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Carolyn J. Craig
CAROLYN J. CRAIG
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7561
Fax: (202) 305-7644
E-mail: carolyn.craig@usdoj.gov

CHRISTOPHER J. BURTON
Commercial and Appellate Litigation
U.S. Postal Service
475 L'Enfant Plaza, S.W., Room 6323
Washington, D.C. 20260-1127

March 15, 2004

Attorneys for Defendant