**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| GEMINI ELECTRONICS, INC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 04-166C |
| | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S RESPONSES TO DEFENDANT'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS, AND MOTION FOR EXPEDITED CONSIDERATION**

Defendant, the Untied States, respectfully requests the Court, pursuant to Rule 37 of the Rules of the United States Court of Federal Claims ("RCFC"), to order plaintiff, Gemini Electronics, Inc. ("Gemini"), to respond to the Government's pending interrogatories and document requests, and to produce responses to the interrogatories and responsive documents, within three days of the Court's order. In view of the fact that plaintiff's discovery responses are now 15 days past due from the Court's ordered due date of March 15, 2004, we respectfully request that the time for Gemini's response to this motion be shortened from 14 to seven days.

Undersigned counsel of record for the Government has attempted to contact plaintiff's counsel regarding plaintiff's overdue discovery responses by letter sent via facsimile on March 17, 2004, and orally on March 22, and March 26, 2004.[1]

---

[1] Counsel for plaintiff did not respond to the Government's telephone calls or the letter seeking information as to when plaintiff anticipated providing its discovery responses. The only response undersigned counsel received was a voicemail message left by an individual named Rita from plaintiff's counsel's office on March 26, 2004. She indicated that she had spoken with the client, Mr. Wilson, and that he was working on the discovery responses. However, she was unable to indicate when the responses would be produced. On March 30, 2004, counsel for plaintiff left a message for undersigned counsel indicating that he should have plaintiffs discovery responses completed by March 31, 2004.

At the status conference held in Court on February 26, 2004, and pursuant to the Court's subsequent written order of March 1, 2004, the Court ordered the parties to comply with a number of expedited deadlines in this case, which included:

March 3, 2004 – plaintiff to produce missing Exhibits A and B to the complaint

March 3, 2004 – defendant to serve any interrogatories and requests for document production on plaintiff

March 15, 2004 – plaintiff to respond to defendant's discovery requests

March 15, 2004 – defendant to produce relevant documents to plaintiff

March 15, 2004 – defendant to file its answer to the complaint

March 31, 2004 – deposition of Rufus Porter to be completed[2]

Defendant has timely complied with all of its obligations as noted above. Plaintiff is clearly in violation of the Court's order of March 1, 2004, given that its discovery responses are now over two weeks overdue. The Government served plaintiff with interrogatories and document production requests via Federal Express on March 3, 2004. Gemini's responses were due no later than March 15, 2004. No extension of time has been requested by Gemini.

No authority of which we are aware permits a party to disregard an order of the Court by simply not responding to a deadline ordered by the Court, without Court permission. Although counsel for plaintiff has indicated that he expects to have the discovery responses completed by March 31, 2004, with the deposition of Mr. Porter tentatively scheduled for April 8, 2004,

[2] Due to conflicts in the schedules of counsel for both parties, the Court was notified that the deposition of Mr. Porter could not be scheduled prior to March 31, 2004. With the Court's approval, the deposition has been tentatively rescheduled for April 8, 2004 in Chicago, Illinois. Mr. Porter's deposition cannot be taken, however, until plaintiff has provided defendant with its discovery responses.

defendant has little choice at this time but to ask the Court to ensure that plaintiff cooperate in discovery and provide plaintiff's discovery responses as soon as possible and prior to the deposition of Rufus Porter. To avoid further unwarranted delay, we also respectfully request the Court to shorten to seven days Gemini's time to respond to this motion.

## CONCLUSION

For the reasons stated above, the Government respectfully requests expedited consideration of this motion, and request the Court to order plaintiff to serve its written discovery responses and produce the requested documents, absent a valid assertion of privilege, within three days of the order.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Carolyn J. Craig
CAROLYN J. CRAIG
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7561
Fax: (202) 305-7644
E-mail: carolyn.craig@usdoj.gov

Attorneys for Defendant

CHRISTOPHER J. BURTON
Commercial and Appellate Litigation
U.S. Postal Service
475 L'Enfant Plaza, S.W., Room 6323
Washington, D.C. 20260-1127

March 31, 2004