# In the United States Court of Federal Claims

| | |
|---|---|
| GEMINI ELECTRONICS, INC., Plaintiff, | No. 04-166C |
| v. | Filed: April 17, 2004 |
| UNITED STATES, Defendant. | |

## O R D E R

The court is in receipt of the defendant's motion to compel plaintiff's responses to defendant's interrogatories and request for production of documents and motion for expedited consideration, as well as the parties' joint status report. In response to the defendant's motion to compel, the court held a telephonic status conference with the parties on Tuesday, April 6, 2004. Pursuant to the court's March 1, 2004 order, plaintiff was to respond to defendant's discovery requests on or before Monday, March 15, 2004. In its motion to compel, defendant represented that plaintiff had failed to comply with this court-ordered deadline and requested the court's intervention to compel plaintiff's compliance.

At the telephonic status conference, plaintiff confirmed that it had not responded to defendant's discovery requests, as mandated by the court's March 1, 2004 order, but plaintiff represented to the court that it would do so by Friday, April 9, 2004.

At the February 26, 2004 hearing in this case, plaintiff's counsel stated that he was not registered in the court's electronic system at that time, but that he would register in the system. In the March 1, 2004 order, the court also reminded the parties that all future filings by the court and the parties would be accomplished electronically. The notice of electronic filing, which accompanied defendant's motion, indicated that plaintiff's counsel was still not receiving electronic notification. At the April 6, 2004 telephonic conference, plaintiff's counsel admitted, although this is an electronic case under the court's rules and plaintiff's counsel previously had represented to the court that he would remedy his failure to comply with the court's rules, he still was not registered in the court's electronic system.

Plaintiff's counsel had sufficient time to register in the court's electronic system and, indeed, had been instructed by the court to do so. The court ordered the plaintiff to register in the court's electronic system and to notify the court of its compliance with this order on or before Friday, April 9, 2004. The court indicated that plaintiff's statement of compliance should also indicate that the plaintiff had responded to the defendant's discovery requests, as ordered by the court, on or before April 9, 2004. Further, at the conference, the court told

plaintiff that a facsimile copy of counsel for the plaintiff's statement should be sent to chambers at the chambers' fax number on or before Friday, April 9, 2004.

The electronic docket system indicates that plaintiff filed its status report on April 8, 2004. In its April 8, 2004 status report, plaintiff represented that, on April 9, 2004, it "faxed to the Honorable Marian Blank Horn a copy of the Status Report." However, the court never received a facsimile copy of plaintiff's statement of compliance, as ordered by the court at the April 6, 2004 telephone conference.

During the April 6, 2004 telephonic status conference, defense counsel represented that, due to the delay in discovery, as well as scheduling difficulties, the deposition of Mr. Rufus Porter has been delayed. To ensure that the above-captioned case remains on schedule, the deposition of Mr. Porter shall be completed on or before **Friday, April 30, 2004**.

As outlined in the court's March 1, 2004 order, discovery with regard to liability will close on or before **Tuesday, June 15, 2004**. The parties will consult, and file a joint status report on or before **Tuesday, June 15, 2004**. After receipt of this joint status report, the court will schedule a status conference to set a schedule for further proceedings in this case. The parties will not file any dispositive motions prior to discussion of the proposed motions with the court at this status conference. As previously established, if a trial on liability is required, it will be held during either of the weeks of **August 2 or 9, 2004**.

In addition, the defendant's motion was not properly filed in the court's electronic system. The docket indicates that defendant filed its motion twice because it apparently failed to file the entire document the first time. Instead of simply re-docketing the document, the defendant should have filed a motion for leave to file a corrected motion. Since the defendant has already filed a corrected motion, the court will permit the corrected motion to remain on the docket. The court **DIRECTS** the clerk of the court to strike defendant's first motion, which is labeled item 10 on the docket. The court advises the defendant to take note of the above-cited defect.

Finally, the court reminds plaintiff's counsel that the failure to comply with court orders will not be tolerated. The court anticipates that counsel for both parties will work with each other to expedite discovery, to propose a schedule for future proceedings within the set parameters, and to engage in settlement negotiations, if appropriate.

**IT IS SO ORDERED.**

S/Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**