**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| GEMINI ELECTRONICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-166C |
| | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**JOINT PRELIMINARY STATUS REPORT**

In accordance with Appendix A to the Rules of the United States Court of Federal Claims ("RCFC"), the parties respectfully submit the following joint preliminary status report. The lettered and numbered paragraphs below correspond with the lettered and numbered paragraphs of Part III of Appendix A.

**(a) Does the Court have jurisdiction over the action?**

At this time, plaintiff, Gemini Electronics, Inc. ("Gemini") believes that the Court possesses jurisdiction to hear and decide this action. The Government is not currently aware of any basis to challenge jurisdiction.

**(b) Should the case be consolidated with any other case?**

No party is aware of any case with which this case should be consolidated.

**(c) Should the trial of liability and damages be bifurcated?**

Yes. Pursuant to discussions held at the February 26, 2004 status conference and the Court's order of April 29, 2004, the trial of liability and damages should be bifurcated.

**(d) Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?**

The parties are not currently aware of any reason why proceedings in this case should be deferred pending consideration of another case before this Court. The parties are not aware of any related cases in this or any other tribunal.

**(e) Will a remand or a suspension be sought?**

No party anticipates seeking a remand or suspension.

**(f) Will additional parties be joined?**

At this time, no party anticipates joining any additional parties.

**(g) Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56, and, if so, what is a proposed schedule for the intended filing?**

Yes. The United States currently anticipates that it will file a motion for summary judgment following the close of discovery.[1] Subsequently, the parties expect to adhere to the provisions in RCFC 7.1 with respect to filing cross-motions, oppositions and replies.

**(h) What are the relevant issues?**

Based upon a review of the case, the parties agree that the relevant issues are as follows:

1. Whether the United States breached the October 1999 public telecommunications service agreement between Gemini and the United States Postal Service by

---

[1] Due to the limited period of time between the date discovery is scheduled to close, June 15, 2004, and the time the case is currently set for trial, early August, 2004, the Government is unable to determine when it will file its motion for summary judgment. The Government suggests that this issue be addressed at the upcoming status conference on May 4, 2004.

denying Gemini access to United States Postal Service facilities outside of the Postal Service's Chicago District (i.e., Great Lakes Postal Service area and the Chicago O'Hare Airport).

2. Whether Gemini is entitled to any damages as a result of the Government's purported breach of the October 1999 public telecommunications service agreement.

**(i) What is the likelihood of settlement?**

The parties have not yet engaged in settlement discussions, and are agreed that they cannot at this time predict the likelihood of settlement.

**(j) Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling? What is the requested place of trial?**

In the absence of a settlement or disposition of the case through pre-trial motions, the parties anticipate proceeding to trial. No party requests expedited trial scheduling.

**(k) Are there any special issues regarding electronic case management?**

No.

**(l) Is there any other information the Court should be aware of at this time?**

The parties are unaware of any other information that should be brought to the attention of the Court at this time.

**Proposed Discovery Plan**

Pursuant to the Court's orders, discovery is proceeding in a timely manner and is currently scheduled to close on June 15, 2004.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Lewis Myers, Jr.
LEWIS MYERS, JR.
25 E. Washington Street
Suite 1225
Chicago, IL 60602
Tel: (312) 236-8804
Fax: (312) 236-8004
e-mail: lyersatt@aol.com

Attorney for Plaintiff

Dated: May 3, 2004

s/ Carolyn J. Craig
CAROLYN J. CRAIG
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7561
Fax: (202) 305-7644
e-mail: carolyn.craig@usdoj.gov.

OF COUNSEL:

Christopher J. Burton
Commercial and Appellate Litigation
U.S. Postal Service
475 L'Enfant Plaza, S.W., Room 6323
Washington, D.C. 20260-1127

Attorneys for Defendant

Dated: May 3, 2004