# In the United States Court of Federal Claims

* * * * * * * * * * * * * * * * * * *
GEMINI ELECTRONICS, INC.,

Plaintiff,

v.

UNITED STATES,

Defendant.
* * * * * * * * * * * * * * * * * * *

**No. 04-166C**
**Filed: June 25, 2004**

## O R D E R

The court's order of May 24, 2004 directed the parties to appear at a status conference on Tuesday, June 8, 2004, at 10:30 a.m. EST. The court's order permitted plaintiff's attorney of record to appear by telephone. Plaintiff's counsel, however, could not be reached and failed to appear for the hearing, although his office acknowledged that he knew of the conference. The status conference proceeded with the assistant of plaintiff's attorney listening on the telephone. The court notes that, in the parties' joint status report, filed on June 15, 2004, plaintiff's attorney did not explain why he failed to appear at the status conference, as ordered by the court. Any further failures or omissions on the part of plaintiff's attorney of record may cause the court to review whether the case should be dismissed, with prejudice, for failure to prosecute pursuant to Rule 41(b) of the Rules of the United States Court of Federal Claims (RCFC).

The court orders the parties to file their respective witness lists on or before Wednesday, June 16, 2004. Specifically, the parties are to file separate statements setting forth a list of witnesses to be called at trial. Each party shall indicate the specific topics to be addressed in the expected testimony of each witness, and the time needed for direct examination.

The court is in receipt of the plaintiff's list of expected trial witnesses and the plaintiff's initial disclosures. Both of these documents were improperly filed and were not in compliance with the rules of this court because plaintiff's counsel failed to sign both documents. In addition, plaintiff's witness list failed to indicate the time needed for the direct examination of each witness and, for some witnesses, failed to indicate the specific topics to be addressed in the expected testimony. The court **DIRECTS** the office of the clerk of the court to strike docket numbers 22 and 23, filed on June 16, 2004, due to the failure of plaintiff's counsel to sign those documents.

Discovery in this case closed on **Tuesday, June 15, 2004**. Trial in this case is scheduled to begin on **Monday, August 16, 2004, at 9:30 a.m.**, in courtroom 2270, at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604. The trial will continue on successive days until all evidence has been taken. Unless otherwise specified, the RCFC Appendix A filings, as modified below, are due to be filed with the court on or before **Friday, July 2, 2004**. In accordance with the Rules of the United States Court of Federal Claims, as modified, the filings with the court are to include:

a. Joint Trial Exhibit List. The parties shall file a joint trial exhibit list. The court described the organization of the joint exhibit list, how the exhibits will be bound, and the number of required copies of the exhibits at the June 8, 2004 hearing.

b. Stipulations. The parties shall file a joint stipulation of facts and a joint stipulation of issues of law containing separately numbered paragraphs covering all matters to which the parties have been able to stipulate during the course of proceedings. The court urges the parties to achieve joint stipulations to the fullest extent possible in order to reduce the time required for trial.

c. Issues of Fact and Law. The parties shall file a joint statement setting forth the issues of fact and the issues of law to be resolved by the court. Issues should be set forth in sufficient detail to enable the court to resolve the case in its entirety by addressing each of the issues listed. The statement of issues shall control the admissibility of evidence at trial and evidence will be deemed to be irrelevant unless it pertains to one or more of the issues.

d. Deposition Testimony. Any party intending to present substantive evidence by way of deposition testimony, other than as provided by Fed. R. Evid. 801(d), shall serve and file a separate motion for leave to file the transcript of this testimony. The motion shall show cause why the deposition testimony should be admitted and identify specifically the portion of the transcript the party intends to use at trial. The opposing party may file a response to this motion. Sufficient copies of proposed deposition pages for use at trial must be brought to the trial by the party intending to use such deposition testimony.

e. Responses. The parties are expected to cooperate in the preparation of the above described documents. Any responses to matters raised by the opposing party should, therefore, be included in each party's initial submission. However, if anything new or unexpected is discovered, it may be addressed in a brief response which must be filed under cover of a motion for leave of the court to file the response, immediately upon making the discovery.

A pretrial conference will take place on **Tuesday, July 6, 2004, at 10:30 a.m. EST**. The conference will be held at the Howard T. Markey National Courts Building, 717 Madison Place, N.W., Washington, D.C. 20005. Plaintiff's counsel may appear by telephone. Unless otherwise notified, plaintiff's counsel will be reached at (312) 236-8004. If plaintiff's counsel

does not appear for the pretrial conference, the court will issue an order to show cause why the case should not be dismissed. Defendant's counsel will appear in person for the pretrial conference. The courtroom number will be posted in the lobby on the day of the conference.

**IT IS SO ORDERED.**

/s/Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**