# In the United States Court of Federal Claims

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * | |
| **GEMINI ELECTRONICS, INC.,** | |
| **Plaintiff,** | |
| **v.** | **No. 04-166C** |
| | **Filed: June 30, 2004** |
| **UNITED STATES,** | |
| **Defendant.** | |
| * * * * * * * * * * * * * * * * * * * * | |

## O R D E R

Pursuant to the court's June 25, 2004 order, the pre-trial filings in this case, as modified by the court, were due to be filed on Friday, July 2, 2004. On Tuesday, June 29, 2004, defense counsel telephoned chambers to inform the court that she has been unable to contact plaintiff's counsel. Therefore, she represented that it was unlikely that the joint pre-trial filings could be filed on Friday, July 2, 2004, as ordered by the court. On that same day, June 29, 2004, the court's law clerk telephoned plaintiff's counsel and left a message requesting him to contact chambers as soon as possible. As of the date of this order, plaintiff's counsel has failed to respond to the court's request to telephone chambers.

The court underscores that the failure to cooperate with opposing counsel, in disregard of court orders, is a serious matter, and will not be tolerated by the court. At the outset of this case, plaintiff's counsel failed to register timely in the court's electronic case management system, even after being directly ordered to do so by the court. Plaintiff's counsel also has failed to cooperate with defense counsel in the past and to comply with court-ordered deadlines, resulting in defendant filing a motion to compel regarding discovery. In addition, plaintiff's counsel failed to appear at the last status conference scheduled by the court and failed to file his list of trial witnesses in accordance with the rules of this court.

In a June 25, 2004 order, the court stated that: "Any further failures or omissions on the part of plaintiff's attorney of record may cause the court to review whether the case should be dismissed, with prejudice, for failure to prosecute pursuant to Rule 41(b) of the Rules of the United States Court of Federal Claims (RCFC)." Counsel for the plaintiff's failure to cooperate with defense counsel in the compilation of the pre-trial filings constitutes such a failure or omission, requiring the court to consider dismissing this case for failure to prosecute, pursuant to Rule 41(b) of the Rules of the United States Court of Federal Claims (RCFC).

RCFC 41(b) allows for the dismissal of a case for failure to prosecute. RCFC 41(b)

states as follows:

**Rule 41. Dismissal of Actions**

> **(b) Involuntary Dismissal; Effect Thereof.** For failure of the plaintiff to prosecute or to comply with these rules or any order of court, the court may dismiss on its own motion or defendant may move for dismissal of an action or any claim. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision of this rule and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, or for failure to join a party under RCFC 19, operates as an adjudication upon the merits.

Because public policy strongly favors the prompt disposition of cases by trial courts, and in order to expedite judicial proceedings while preventing undue delays in the disposition of pending cases, federal trial courts have been given broad discretion to dismiss a plaintiff's action with prejudice. Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, reh'g denied, 371 U.S. 873 (1962); see also Syntex Ophthalmics, Inc. v. Novicky, 795 F.2d 983, 986 (Fed. Cir. 1986) (affirming dismissal of defendant's counterclaims for failure to appear at trial); Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 590-91 (6th Cir. 2001); Ortiz-Anglada v. Ortiz-Perez, 183 F.3d 65, 66-67 (1st Cir. 1999). Several courts have indicated that, although subject to rebuttal, prejudice to the defendant resulting from unreasonable delay or a failure to prosecute may be presumed. Laurino v. Syringa Gen. Hosp., 279 F.3d 750, 753 (9th Cir. 2002); LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 210 (2d Cir. 2001); Southwest Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000), cert. denied, 532 U.S. 1007 (2001); Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982); Citizens Utils. Co. v. American Tel. & Tel. Co., 595 F.2d 1171, 1174 (9th Cir.), cert. denied, 444 U.S. 931 (1979).

Furthermore, a court may dismiss a case for failure to prosecute on its own initiative. In addition to the explicit authority set forth in the RCFC 41(b), "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. at 630-31 (footnote omitted); see also Lyell Theatre Corp., 682 F.2d at 42-43; Colbert v. United States, 30 Fed. Cl. 95, 97 (1993). The United States Court of Appeals for the Federal Circuit has explicitly adopted the standards articulated in Link. See, e.g., Claude E. Atkins Enters., Inc. v. United States, 899 F.2d 1180, 1184-85 (Fed. Cir. 1990); Kadin Corp. v. United States, 782 F.2d 175, 176-77 (Fed. Cir.), cert. denied, 476 U.S. 1171 (1986). The court in Kadin stated that, "[i]f [Claims Court] judges are to discharge their heavy responsibilities effectively, their power to dismiss, in situations such as the one before us, must be more than theoretical." Kadin Corp. v. United States, 782 F.2d at 177 (quoting Automated Datatron, Inc. v. Woodcock, 659 F.2d 1168, 1170 (D.C. Cir. 1981)). The United States Court of Appeals for the Federal Circuit also stated that this court's exercise of discretion to dismiss a case for failure to prosecute will not be disturbed on appeal "unless

upon a weighing of relevant factors we are left with 'a "definite and firm conviction" that the court below committed a clear error of judgment."' Adkins v. United States, 816 F.2d 1580, 1582 (Fed. Cir. 1987) (quoting Bandag, Inc. v. Al Bolser's Tire Stores, Inc., 750 F.2d 903, 917 (Fed. Cir. 1984)).

As noted by the United States Court of Appeals for the Federal Circuit, "dismissal is a harsh sanction ... ." Kadin Corp. v. United States, 782 F.2d at 176; accord Martens v. Thomann, 273 F.3d 159, 179 (2d Cir. 2001); LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d at 209. In Kadin, however, plaintiff's and counsel's "entire course of conduct reflected a callous disregard for the rules and regulations of the court and fell far short of the obligations an attorney owes to a court before which he is conducting litigation." Kadin Corp. v. United States, 782 F.2d at 177. When a plaintiff files a lawsuit in this court, the court must presume that the party, and the counsel who represents the party, intend to prosecute that case to a final resolution. The failure of the plaintiff to prosecute its case and to follow the court's rules, forces the court to abandon that presumption, and warrant dismissal of the complaint, pursuant to RCFC 41(b).

Before the pre-trial conference currently scheduled for **Tuesday, July 6, 2004**, the plaintiff shall show cause, in a response to be electronically filed with the court and opposing counsel, why the above-captioned case should not be dismissed for failure to prosecute and/or to comply with the rules and orders of the court, in accordance with RCFC 41(b), or why plaintiff's counsel should not be sanctioned. In addition, the court **ORDERS** plaintiff's counsel to re-file plaintiff's list of trial witnesses in accordance with the rules and direction of this court immediately.

As indicated in the court's June 25, 2004 order, a pre-trial conference will be held, as scheduled, on **Tuesday, July 6, 2004, at 10:30 a.m. EST**, to address the issues raised by counsel for the plaintiff's failure to appear and to comply with court orders and to discuss other aspects of the case. As previously scheduled, trial will commence on **Monday, August 16, 2004, at 9:30 a.m.** The conference on July 6, 2004 will be held at the Howard T. Markey National Courts Building, 717 Madison Place, N.W., Washington, D.C. 20005. Plaintiff's counsel may appear by telephone. Unless otherwise notified, plaintiff's counsel will be reached at (312) 236-8004. Defendant's counsel also may appear by telephone for the first pretrial conference. Unless otherwise notified, defendant's counsel will be reached at (202) 305-7562.

In light of defense counsel's representation to the court that the pre-trial filings cannot be filed by the court-ordered deadline of Friday, July 2, 2004, the court granted the defendant's request to extend the due date of the parties' pre-trial filings to on or before **Friday, July 16, 2004**. The parties should consult the court's June 25, 2004 order when compiling those documents for instructions. The court, once again, **ORDERS** both parties to cooperate and work together in the compilation of the pre-trial filings.

Finally, a second pre-trial conference will be held on **Monday, July 26, 2004 at 10:30 a.m. EST**. The conference will be held at the Howard T. Markey National Courts Building, 717 Madison Place, N.W., Washington, D.C. 20005. Plaintiff's counsel may appear by telephone. Unless otherwise notified, plaintiff's counsel will be reached at (312) 236-8004. Defendant's counsel will appear in person for the second pretrial conference. The courtroom number will be posted in the lobby on the day of the conference.

**IT IS SO ORDERED.**

/s/Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**