# In the United States Court of Federal Claims

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * | |
| **GEMINI ELECTRONICS, INC.,** | |
| **Plaintiff,** | |
| **v.** | **No. 04-166C** |
| | **Filed: July 7, 2004** |
| **UNITED STATES,** | |
| **Defendant.** | |
| * * * * * * * * * * * * * * * * * * * | |

## ORDER

Pursuant to the court's June 30, 2004 order, a status conference was held in the above-captioned case on Tuesday, July 6, 2004 to discuss counsel for the plaintiff's failures to comply with court orders and preparations for trial. As the trial date approaches fast, the court expects that plaintiff's counsel will cooperate with defense counsel in preparation for trial and will comply with the rules and orders of this court.

The court is in receipt of plaintiff's response to the court's order to show cause and plaintiff's witness list. Both documents were improperly filed because plaintiff's attorney did not use the proper format for signing these documents. Despite these defects, the plaintiff's response to the court's show cause order and the plaintiff's witness list will remain on the docket. However, the court reminds plaintiff's counsel that all filings should be in compliance with the rules of the court. Specifically, plaintiff's counsel should pay special attention to General Order 42, Section IV, paragraph 14.

Further, as indicated at the status conference, the plaintiff's amended exhibits list was not in compliance with the Rules of the United Court of Federal Claims (RCFC) Appendix A filings, as modified by the court's June 25, 2004 order and the instructions given at the June 8, 2004 status conference. Therefore, the court **DIRECTS** the clerk of the court to strike entry # 29 on the electronic docket. As previously stated, the final RCFC Appendix A filings, as modified below, are due to be filed with the court on or before **Friday, July 16, 2004**.

a. <u>Revised Witness Lists</u>. As ordered at the July 6, 2004 conference, plaintiff, and if necessary, defendant, shall submit a revised witness list that excludes those witnesses who will not be called to testify. If necessary, the parties shall also revise their approximations of the amount of time needed for direct and cross examinations.

b. <u>Joint Trial Exhibit List</u>. The parties are to file a joint trial exhibit divided into five sections.

i. Joint stipulated exhibits, to be numbered starting with 1-99 or 1-999, as needed;

ii. Plaintiff's exhibits, to be numbered starting with 100-199, or 1000-1999, the number sequence to begin following the completion of the sequence of numbers utilized for the joint exhibits;

iii. Defendant's exhibits, to be numbered 200-299 or 2000-2999, the number sequence to begin following the completion of the sequence of numbers utilized for the plaintiff's exhibits;

iv. Plaintiff's objections to defendant's exhibits, including the basis for each objection; and

v. Defendant's objections to plaintiffs' exhibits, including the basis for each objection.

The actual exhibits shall not be submitted to the clerk's office or to chambers, but shall be brought to the trial by the parties in sufficient copies, including one copy for the witness, two copies for the court and the official copy to be submitted to the court reporter. The exhibits shall be bound or placed in a loose leaf notebook with all the pages in an exhibit sequentially numbered. Loose submissions, such as maps, photographs, physical evidence and charts, may be submitted. Reduced copies of charts and photographs should be included in the bound volumes, if possible.

c. Stipulations. The parties shall file a joint stipulation of facts and a joint stipulation of issues of law containing separately numbered paragraphs covering all matters to which the parties have been able to stipulate during the course of proceedings. The court urges the parties to achieve joint stipulations to the fullest extent possible in order to reduce the time required for trial.

d. Issues of Fact and Law. The parties shall file a joint statement setting forth the issues of fact and the issues of law to be resolved by the court. Issues should be set forth in sufficient detail to enable the court to resolve the case in its entirety by addressing each of the issues listed. The statement of issues shall control the admissibility of evidence at trial and evidence will be deemed to be irrelevant unless it pertains to one or more of the issues.

e. Deposition Testimony. Any party intending to present substantive evidence by way of deposition testimony, other than as provided by Fed. R. Evid. 801(d), shall serve and file a separate motion for leave to file the transcript of this testimony. The motion shall show cause why the deposition testimony should be admitted and identify specifically the portion of the transcript the party intends to use at trial. The opposing party may file a response to this motion. Sufficient copies of proposed deposition pages for use at trial must be brought to the trial by the party intending to use such deposition testimony.

f. Responses. The parties are expected to cooperate in the preparation of the above described documents. Any responses to matters raised by the opposing party should, therefore, be included in each party's initial submission. However, if anything new or unexpected is discovered, it may be addressed in a brief response which must be filed under cover of a motion for leave of the court to file the response, immediately upon making the discovery.

As previously scheduled, trial will commence on **Monday, August 16, 2004, at 9:30 a.m.** Because of earlier filing deficiencies, a second pre-trial conference will be held on **Monday, July 26, 2004 at 10:30 a.m. EST**. The conference will be held at the Howard T. Markey National Courts Building, 717 Madison Place, N.W., Washington, D.C. 20005. Again, plaintiff's counsel may appear by telephone. Unless otherwise notified, plaintiff's counsel will be reached at (312) 236-8004. Defendant's counsel will appear in person for the second pretrial conference. The courtroom number will be posted in the lobby on the day of the conference.

**IT IS SO ORDERED.**

/s/Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**